**CITY OF FAIRFIELD, Appellee,**

v.

**McROBERTS, Appellant.**

[Cite as *Fairfield v. McRoberts* (1995), 100 Ohio App. 476.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–07–153.

Decided Jan. 30, 1995.

*Gerald E. Froelke,* for appellee.

*Michael D. Shanks,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Jack R. McRoberts, appeals an order of the Fairfield Municipal Court finding him guilty of menacing in violation of Fairfield City Ordinance 537.06(a).[1]

As there is no transcript of proceedings, the record consists of the trial court's findings of fact and conclusions of law, which reflect that on April 8, 1994, appellant's former wife, Karen McRoberts, telephoned appellant "from Fairfield, Ohio, and spoke to [appellant] who was in Milford, Ohio. During that telephone conversation, [appellant] made threats to Mrs. McRoberts. Specifically, [appellant] told her that he would knock her teeth down her throat." The trial court further found that "Mrs. McRoberts, based on the threat and her prior relationship with [appellant], reasonably believed that [appellant] would cause her physical harm." The court concluded that it had venue over the matter since "the threats were received by Mrs. McRoberts while she was in the city of Fairfield." Appellant was found guilty and sentenced of record.

As his sole assignment of error, appellant claims that the finding of guilt was against the manifest weight of the evidence and contrary to law. Specifically, appellant argues that the case should have been venued in Hamilton County Municipal Court since he did not commit any act of menacing within the territorial jurisdiction of the Fairfield Municipal Court.

■ R.C. 2901.12(A) provides: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and *in the territory of which the offense or any element* of the offense *was committed.*" (Emphasis added.) The elements of menacing are: (1) knowingly, (2) causing another to believe, (3) that the offender will cause physical harm to the person or property of such other person or a member of his immediate family. *State v. Applegate* (Sept. 21, 1992), Butler App. No. CA92–03–054, unreported, 1992 WL 236775.

■ Appellant "knowingly" made his threatening statements from Hamilton County. In turn, the threats were communicated to the victim while she was within the jurisdiction of the Fairfield Municipal Court. The offense could not have been completed until such time when the victim was made aware of the

---

1. Fairfield City Ordinance 537.06(a) is identical to R.C. 2903.22(A) and provides that: "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family."

threats, thereby causing her belief of impending physical harm. In the case at bar, this particular element was fulfilled in Fairfield where the victim heard appellant's threatening statements.

■ The elements of menacing having been satisfied, the proper venue, under R.C. 2901.12(A), would have been either the location from which appellant made his threatening statements or the place where the threats caused the victim to believe appellant would cause her physical harm. Compare *State v. Novel* (Oct. 3, 1986), Licking App. Nos. CA–3206, CA–3207 and CA–3208, unreported, 1986 WL 11348 (proper venue for telephone harassment and aggravated menacing charges was either the county from which the telephone call was placed by the defendant or the county in which it was received by the victim). Therefore, it is immaterial whether the victim and appellant were in separate venues when the conversation occurred. The charges could have been filed in either the Fairfield Municipal Court or the Hamilton County Municipal Court since elements of the offense occurred in both counties.

We conclude that the case at bar was properly venued in the Fairfield Municipal Court. Appellant's assignment of error is hereby overruled.

*Judgment affirmed.*

WALSH, J., concurs.

JONES, P.J., dissents.

FRED E. JONES, Presiding Judge, dissenting.

The majority concludes that venue was proper in this case because appellant's words were electronically transmitted to the victim's home in Fairfield, Ohio. This analysis of the venue issue presented by this case is seriously flawed. Therefore, I dissent.

R.C. 2901.12(A) provides that venue is proper in a court having jurisdiction over the territory where the elements of the offense occurred. The elements of a criminal offense are the defendant's *actus reus* and *mens rea.* See R.C. 2901.21. The record indicates that both the *mens rea,* knowingly, and the *actus reus* in this case occurred in Milford, Ohio when appellant uttered his threatening words to the victim. The fact that appellant's words were then electronically transmitted to the victim's home does not somehow make venue proper in Fairfield Municipal Court as suggested by the majority.

If appellant can be tried in Fairfield for a telephone call made from Milford, it would appear that such trial in Fairfield would also be proper if the telephone call were made in Cleveland, or even California. That would be ridiculous. I dissent.